UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

ALBERTO PENA-CINTRA, and other similarly situated individuals,

    Plaintiff(s),

v.

AMERIGLASS ENGINEERING, INC. A/K/A AMERIGLASS INC; ENTERPRISE HR II, INC.; JUAN ALVAREZ and SAMUEL VERDECIA,

    Defendants.

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

  Plaintiff ALBERTO PENA-CINTRA ("Plaintiff") and other similarly situated individuals, sue the Defendants, AMERIGLASS ENGINEERING, INC. a/k/a AMERIGLASS INC; ENTERPRISE HR II, INC.; JUAN ALVAREZ; and SAMUEL VERDECIA (collectively the "Defendants") and allege:

**JURISDICTION**

  1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States[1]. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

**VENUE**

  2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

---

[1] Plaintiff is evaluating claims under Fla. Stat. Section 440.205 and for worker's compensation benefits due to injuries related to his job.

1

3. AMERIGLASS ENGINEERING, INC. a/k/a AMERIGLASS INC and ENTERPRISE HR II, INC. (collectively, the "Corporate Defendants") and JUAN ALVAREZ and SAMUEL VERDECIA (collectively, the "Individual Defendants"), are Florida companies and Florida residents, respectively, having their main place of business in Miami-Dade County, or doing business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendants, upon information and belief, reside in Miami-Dade County, Florida.

4. The Corporate Defendants have interrelated operations. The Corporate Defendants are an integrated enterprise. Alternatively, each company is an enterprise under the Act.

5. The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. Both companies pay the Plaintiff for the same work. They do so, presumably, to avoid paying overtime. The Corporate Defendants are joint employers. Alternatively, each company is an enterprise under the Act.

**COUNT I: WAGE AND HOUR VIOLATION
BY AMERIGLASS ENGINEERING, INC. A/K/A
AMERIGLASS INC; ENTERPRISE HR II, INC. (OVERTIME)**

6. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 above as if set out in full herein.

7. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the

2

Act states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

8. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operate organizations which sell and/or market their services and/or goods to customers from throughout the United States and also provide their services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual combined gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

9. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are construction companies in the business of installing

3

glass and, through their business activity, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as an assistant glass installer for the Corporate Defendants' business.

10. While employed by the Corporate Defendants, Plaintiff worked approximately an average of 50-70 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. Plaintiff was employed as a assistant glass installer performing the same or similar duties as that of those other similarly situated assistant glass installers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

11. Plaintiff worked for the Corporate Defendants from approximately 01/16/2013 to 06/03/2019. Plaintiff did not work for approximately 15 weeks due to surgery and medical treatment. In total, Plaintiff worked approximately 127 compensable weeks under the Act, or 127 compensable weeks if counted 3 years back from the filing of the instant action.

12. The Corporate Defendants paid Plaintiff on average approximately $13.5 per hour.

13. However, the Corporate Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week. Specifically, Corporate Defendants paid Plaintiff through ENTERPRISE HR II, INC. for his first 40 hours of work at $13.50. Then, for all hours in excess of 40 (between 10 and 30 per week), the Corporate Defendants paid Plaintiff through AMERIGLASS ENGINEERING, INC. a/k/a AMERIGLASS INC. at $13.50. This is nothing but a blatant attempt to avoid paying Plaintiff his overtime wages[2].

---

[2] Plaintiff is also evaluating a claim under 26 U.S.C. §7434 because the Corporate Defendants improperly paid him via a 1099 when they knew Plaintiff was their employee.

14. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

15. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   a. **Actual Damages: $17,145**

      i. <u>Calculation</u>: $13.5 (hourly pay) x .5 (overtime rate) x 20 (approximate number of overtime hours) x 127 (compensable weeks) = $17,145

   b. **Liquidated Damages:** $17,145

   c. **Total Damages: $34,290** plus reasonable attorneys' fees and costs of suit.

16. At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

17. The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and

Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

18. The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

19. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## **JURY DEMAND**

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

**COUNT II: WAGE AND HOUR VIOLATION BY
JUAN ALVAREZ and SAMUEL VERDECIA (OVERTIME)**

6

20.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21.     At the times mentioned, the Individual Defendants were, and are now, the owners/officers of AMERIGLASS ENGINEERING, INC. A/K/A AMERIGLASS INC.

22.     The Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that these defendants acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated. The Individual Defendants had operational control of AMERIGLASS ENGINEERING, INC. A/K/A AMERIGLASS INC, were involved in the day-to-day functions of the Corporate Defendants, provided Plaintiff with his work schedule, and are jointly liable for Plaintiff's damages.

23.     The Individual Defendants are and were at all times relevant persons in control of AMERIGLASS ENGINEERING, INC. A/K/A AMERIGLASS INC's financial affairs and can cause AMERIGLASS ENGINEERING, INC. A/K/A AMERIGLASS INC to compensate (or not to compensate) its employees in accordance with the Act.

24.     The Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

25.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: 09/11/2019.

Respectfully submitted,

By: /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549